### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM PADILLA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| MIDWEST HEALTH, INC., ) | |
| **Serve at:** ) | |
| Jennifer R. Sourk, Registered Agent ) | |
| 3024 SW Wanamaker Rd Suite 300 ) | |
| TOPEKA, KS 66614 ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT- Discrimination in Employment

COMES NOW Plaintiff, by and through Counsel, and for his Complaint against the Defendant states the following.

1. Plaintiff is a citizen and resident of Colorado and was, at all times pertinent to this Complaint, a citizen and resident of Kansas.

2. Plaintiff is a Hispanic Male of Puerto Rican descent.

3. The Plaintiff was employed by the Defendant between October of 2019 and April 13, 2021 as a Maintenance Technician at the Horizon Trails Apartments, in Gardner, Kansas.

4. Throughout his employment by the Defendant, Plaintiff was treated disparately by his supervisor, Benjamin Cosman, a Caucasian leasing manager, who imposed restrictions upon the Plaintiff's work and job duties which he did not impose upon Caucasian employees.

5. Throughout the course of his employment Plaintiff complained of the conduct of Ben Cosman (disparate treatment based on race/ethnicity/national origin) to Angela Broxterman, VP of Real State for the Defendant.

6. In response to his complaints of disparate treatment based upon race/ethnicity/national origin, Ms. Broxterman stated that the Defendant did not have an HR Department and that "you know its going to get bad for you there" but did not otherwise respond to the Plaintiff's complaints of disparate treatment.

7. After several complaints, Ms. Broxterman agreed to have a meeting with Plaintiff to discuss his complaints on March 30, 2021

8. At the March 30, 2021 meeting Ms. Broxterman presented Mr. Padilla with an employee disciplinary action form wherein he was falsely accused of acting inappropriately with a vendor, Holly Fuzzell.

9. On March 31, 2021 Plaintiff made a formal complaint of race discrimination to Kari Erpelding-Froelich and Brett Klausman, who were HR executives of the Defendant. The Plaintiff requested a meeting to discuss that complaint.

10. The Defendant never held a meeting regarding Mr. Padilla's formal complaint.

11. After Mr. Padilla filed a formal complaint of discrimination with the Defendant, the Plaintiff took off 4-5 scheduled workdays while waiting for the Defendant to address his complaint.

12. On April 13, 2021 Ms. Broxterman terminated Mr. Padilla's employment, citing his absences from work.

13. Mr. Padilla's termination was an act of retaliation for his exercise of his right to complain of discrimination because he filed a formal complaint of race discrimination.

14. Mr. Padilla timely filed a charge of discrimination with the Equal Employment Opportunity Commission.

15. Mr. Padilla obtained a "right to sue" letter prior to filing this Petition. See Exhibit A.

16. This action is being filed within 90 days after Mr. Padilla received his "right to sue" letter.

## Count I Retaliation

17. Plaintiff incorporates the allegations set forth in paragraphs 1-16 of this Petition by reference as if fully set forth herein.

18. Mr. Padilla complained to the Defendant that he was being discriminated against on the basis of his race.

19. Mr. Padilla reasonably believed that he was being discriminated against on the basis of his race.

20. The Defendant discharged Mr. Padilla.

21. Mr. Padilla's would not have been discharged but for his complaint of race discrimination.

22. As a direct and consequent result of his discharge, Mr. Padilla has suffered a past and future loss of income, garden variety emotional distress and a loss of benefits, together with other actual damages.

23. The Defendant's conduct was malicious or recklessly indifferent to the rights of Mr. Padilla such that an award of punitive damages is appropriate.

## Count II Race Discrimination

24. Plaintiff incorporates the allegations set forth in paragraphs 1-23 of this Petition by reference as if fully set forth herein.

25. The Defendant discharged Mr. Padilla.

26. The Defendant would not have discharged Mr. Padilla but for his race.

27. As a direct and consequent result of his discharge, Mr. Padilla has suffered a past and future loss of income, garden variety emotional distress and a loss of benefits, together with other actual damages.

28. The Defendant's conduct was malicious or recklessly indifferent to the rights of Mr. Padilla such that an award of punitive damages is appropriate.

WHEREFORE, Plaintiff William Padilla prays for Judgment against Defendant in a sum in excess of $75,000 and for such other relief as the Court deems just and proper.

/s/ *Mark E. Meyer*

_____
Mark E. Meyer #51786
The Law Offices of Mark E. Meyer, L.L.C.
2528 SW Wintercreek Dr.
Lee's Summit, MO 64081
(816) 729-0866 Phone
meyerlaw78@yahoo.com
**Counsel for Plaintiff**