IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| WILLIAM PADILLA,<br><br>      **Plaintiff,**<br><br>      v.<br><br>HORIZON MANAGEMENT, LLC,<br><br>      **Defendant.** | Case No. 22-CV-02430-JAR-KGG |

## MEMORANDUM AND ORDER

Plaintiff William Padilla brought this action against Defendant Horizon Management, LLC, alleging claims of employment discrimination and retaliation. This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 11). First, Defendant argues that Plaintiff's Amended Complaint fails to include "a short and plain statement of the grounds for the court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1). Second, Defendant argues that Plaintiff's Amended Complaint fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2). The motion is fully briefed, and the Court is prepared to rule. For the reasons explained in detail below, the Court grants Defendant's motion and dismisses Plaintiff's Amended Complaint without prejudice, with leave to amend.

**I.     First Amended Complaint**

Plaintiff William Padilla alleges in the First Amended Complaint that he was employed by Defendant as a Maintenance Technician from October 2019 until April 13, 2021, at the Horizon Trails Apartments in Gardner, Kansas.[1] Plaintiff, a Hispanic male of Puerto Rican

---

[1] Doc. 9 ¶ 3.

descent, alleges that his supervisor disparately treated him as compared to Caucasian employees.[2] Plaintiff also alleges that Defendant terminated him in response to his complaints of employment discrimination.[3] Plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC granted Plaintiff's request for a Notice of Right to Sue.[4]

## II.     Rule 8(a)(1)

Defendant argues that Plaintiff's Amended Complaint fails to include "a short and plain statement of the grounds for the court's jurisdiction," as required by Fed. R. Civ. P. 8(a)(1). "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it."[5] When a pleading states a claim for relief, the pleading must contain "a short and plain statement of the grounds for the court's jurisdiction."[6] Further, "Rule 8(a)(1) requires a plaintiff to allege 'facts sufficient to invoke the court's jurisdiction.'"[7] The plaintiff must allege the court's jurisdictional basis "affirmatively and distinctly and [it] cannot 'be established argumentatively or by mere inference.'"[8] The plaintiff bears the burden to invoke the court's jurisdiction.[9]

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.  Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for

---

[2] *Id.* ¶¶ 2, 4.

[3] *Id.* ¶ 13.

[4] *Id.* ¶¶ 14–16.

[5] *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citations omitted).

[6] Fed. R. Civ. P. 8(a)(1).

[7] *Keller v. Comm'r, Soc. Sec. Admin.*, 748 F. App'x 192, 194 (10th Cir. 2018) (quoting *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988)).

[8] *Dalton v. City of Las Vegas*, 282 F. App'x 652, 655 (10th Cir. 2008) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1206 (3d ed. 2004)

[9] *Id.*

'[d]iversity of citizenship' jurisdiction."[10]  A plaintiff establishes diversity jurisdiction by pleading that the parties are citizens from different States and by seeking over $75,000.[11]  Alternatively, a court may exercise federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[12]  "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law."[13]  Thus, the federal question must appear on the face of the well-pleaded complaint.[14]

Here, Plaintiff fails to meet Rule 8(a)(1)'s jurisdictional requirement because he did not include a short and plain jurisdictional statement in the First Amended Complaint.  Plaintiff seems to argue, however, that his pleading satisfies Rule 8(a)(1) because it "alleges each of the elements of a Title VII claim" and because the EEOC issued him a Right to Sue letter.[15]  But these factual allegations fail to sufficiently state the grounds for this Court's jurisdiction.  First, Plaintiff fails to invoke jurisdiction under 28 U.S.C. § 1331.  On the face of the First Amended Complaint, Plaintiff alleges two counts: retaliation and race discrimination.  However, Plaintiff fails to assert that federal law creates the causes of action upon which he relies, nor does Plaintiff allege that his right to relief "necessarily depends on the resolution of a substantial question of

---

[10] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (alterations in original) (quoting *Bell v. Hood*, 327 U.S. 678, 681–85 (1946)).

[11] 28 U.S.C. § 1332.

[12] 28 U.S.C. § 1331.

[13] *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)).

[14] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

[15] Doc. 14 at 2.

federal law."[16] In fact, Plaintiff does not assert any facts suggesting the causes of action that he attempts to invoke, making it impossible to determine whether the Court has subject-matter jurisdiction over his claims.

Plaintiff argues that he sufficiently invoked this Court's jurisdiction by alleging that he "timely filed a charge of discrimination with the [EEOC]" and that he received a "right to sue" letter.[17] The Court disagrees. A complaint that generically discusses retaliation and discrimination and references administrative exhaustion does not meet Rule 8(a)(1)'s short-and-plain statement requirements.[18] As another district court has explained:

> "[T]he fact that Plaintiff previously filed a Charge of Discrimination seeking federal review and asserting a federal claim [under Title VII] does not forever bind him to federal law in a later Complaint. . . . The fact that the EEOC investigated Plaintiff's discrimination claim does not determine how Plaintiff may choose to plead his case."[19]

Similarly, Plaintiff could have decided to base his claim on state law grounds after filing a charge with the EEOC and receiving the EEOC's decision. Thus, Plaintiff's allegation that he received a Right-to-Sue letter from the EEOC fails to satisfy Rule 8(a)(1)'s statutory requirement that a complaint contain a short-and-plain statement asserting the jurisdictional grounds.

Second, to the extent that Plaintiff attempts to invoke this Court's jurisdiction under 28 U.S.C. § 1332, he also fails to do so with a short and plain statement. Although Plaintiff alleges that he is a citizen and resident of Colorado, he also alleges that he was "at all times pertinent to

---

[16] *Nicodemus*, 318 F.3d at 1235 (quoting *Morris*, 39 F.3d at 1111).

[17] Doc. 9 ¶ 14–15.

[18] *Alonso v. Kalischatarra Iron & Metal NM, LLC*, No. 19-cv-0624, 2019 WL 5087356, at *2 (D.N.M. Oct. 10, 2019).

[19] *Id.* at *3.

this Complaint, a citizen and resident of Kansas."[20]  Plaintiff also alleges that Defendant was located in Gardner, Kansas.[21]  Thus, Plaintiff has not pled sufficient facts alleging diversity of citizenship between the parties.

### III.     Rule 8(a)(2)

Defendant also argues that Plaintiff's Amended Complaint fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2).  Defendant states that "assuming that Plaintiff is making his claims for discrimination and retaliation pursuant to [Title VII], Plaintiff's Amended Complaint fail[s] to state a claim,"[22]  because it does not meet Title VII's definition of "employer," which requires the business to have fifteen or more employees.[23]  Defendant relies on an affidavit by Plaintiff's supervisor, Benjamin Cosman, to support its assertion that Defendant has fewer than fifteen employees.[24]  By contrast, Plaintiff argues that he sufficiently alleged that Defendant meets Title VII's definition of employer when he stated that he "was employed by the Defendant."[25]

Assuming arguendo that the First Amended Complaint adequately pled a federal claim under Title VII, this Court may not consider Cosman's affidavit in determining whether Plaintiff states a plausible claim for relief.  When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), if "a party presents matters outside of the pleadings for consideration, as a general rule 'the court must either exclude the material or treat the motion as one for summary judgment.'"[26]

---

[20] Doc. 9. ¶ 1.

[21] *Id.* ¶ 3.

[22] Doc. 11 at 4.

[23] 42 U.S.C. § 2000(e)(b).

[24] Doc. 11-2.

[25] Doc. 14.

[26] *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004)).

There are three exceptions to this rule: (1) exhibits attached to the complaint,[27] (2) "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity,"[28] and (3) "matters of which a court may take judicial notice."[29]

Here, Cosman's affidavit does not satisfy any of the three exceptions to the general bar on considering documents outside of the pleadings. First, Plaintiff's complaint does not incorporate the affidavit by reference. Second, the affidavit is not central to Plaintiff's claim because it is unclear whether Plaintiff even alleges a claim under Title VII, as explained in the prior section. Third, Cosman's affidavit is not a publicly-available court document or a matter of public record of which the Court may take judicial notice.

Defendant also argues that Plaintiff's failure to specifically plead that Defendant employs at least fifteen employees is fatal because this requirement is an essential element of a Title VII claim. The Court disagrees. To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[30] and must include "enough facts to state a claim for relief that is plausible on its face."[31] In *Khalik v. United Air Lines*,[32] the Tenth Circuit provided an extensive analysis of the pleading standard for employment discrimination and retaliation claims under *Twombly*. The court was careful to note that under Twombly, the plaintiff is not required

---

[27] Fed. R. Civ. P. 10(c); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[28] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[29] *Tellabs*, 551 U.S. at 322.

[30] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004)).

[31] *Id*. at 570.

[32] 671 F.3d 1188 (10th Cir. 2012).

to "set forth a prima facie case for each element" to successfully plead a claim of discrimination.[33]  Instead, he is only required to "set forth plausible claims."[34]  While "the threshold number of employees for application of Title VII is an element of plaintiff's claim for relief," a plaintiff's failure to allege the number of defendant's employees is not fatal to his claim.[35]  Because Plaintiff need not set forth every element of Title VII to state a plausible claim for relief, and because he does allege that he was in an employment relationship with Defendant, his failure to specifically allege that Defendant employs fifteen employees does not require dismissal for failure to state a claim.

## IV.   Conclusion

Based on the findings discussed above, the Court grants Defendant's motion to dismiss Plaintiff's claims without prejudice.[36]  Given the nature of the deficiencies, however, the Court grants Plaintiff leave to file an amended complaint that clearly and specifically remedies the issues addressed in this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion to Dismiss (Doc. 11) is **granted** with leave to amend.  If Plaintiff fails to file a Second Amended Complaint by April 25, 2023 that addresses the deficiencies discussed above, this case shall be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: April 13, 2023

---

[33] *Id.* at 1194.

[34] *Id.*

[35] *Capers v. Samson Dental Partners LLC*, No. 18-2531, 2019 WL 858749, at *3 (D. Kan. Feb. 22, 2019) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006)).

[36] *Lacey v. Homeowners of Am. Ins. Co.*, 546 F. App'x 755, 758 (10th Cir. 2013).

<u>S/ Julie A. Robinson</u>  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE