IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM PADILLA,

    Plaintiff,

    v.

HORIZON MANAGEMENT, L.L.C.,

    Defendant.

Case No. 22-2430-JAR-RES

**MEMORANDUM AND ORDER**

On September 7, 2023, Plaintiff William Padilla filed his Motion for Leave to File Third Amended Complaint and Add Party Out of Time. ECF No. 35. The Motion filed approximately a month after the Scheduling Order's August 9, 2023 deadline for filing any motion to amend the pleadings seeks to re-add former defendant Midwest Health, Inc., who was named in the original complaint but then dropped in the first amended complaint filed on January 30, 2023. ECF No. 9.

Defendant Horizon Management, L.L.C. opposes the Motion because Plaintiff had the information to allege a joint employer theory before the motion to amend deadline, and the reason for the delay in re-adding Midwest Health, Inc. was within Plaintiff's reasonable control. ECF No. 38. Plaintiff did not file a reply in support of his Motion, which was due on or before September 19, 2023. ECF No. 37.

For the reasons explained below, the Court denies the Motion.

**I.     BACKGROUND**

On October 21, 2022, Plaintiff filed his original complaint naming Midwest Health, Inc. as the sole Defendant. ECF No. 1. According to the original complaint, Plaintiff, an individual of Puerto Rican descent, was employed by Midwest Health, Inc. from October 2019 to April 13, 2021. *Id.* at 1. Plaintiff alleges that throughout his employment, his supervisor treated him disparately, including by imposing job restrictions on Plaintiff that he did not impose on other Caucasian employees. *Id.* Plaintiff alleged that he complained about this conduct to Angela Broxterman, a vice president for Midwest Health, Inc., but the complaints were largely ignored. *Id.* at 2. On March 30, 2021, however, Ms. Broxterman agreed to have what Plaintiff believed was a meeting to discuss his complaints. *Id.* Instead, Plaintiff alleges Ms. Broxterman presented him with a disciplinary action that accused him of acting inappropriately with a vendor. *Id.*

The next day, Plaintiff filed a formal complaint of race discrimination with Kari Erpelding-Froelich and Brett Klausman, both executives of Midwest Health, Inc. *Id.* Plaintiff then took 4-5 days off of work while waiting for Midwest Health, Inc. to address his formal complaint. *Id.* On April 13, 2021, Ms. Broxterman terminated Plaintiff's employment, citing his absence from work as the reason for termination. *Id.* Plaintiff alleges that he was terminated in retaliation for his formal complaint of race discrimination. *Id.* Plaintiff alleges that he timely filed a charge of discrimination with the EEOC and received a right to sue letter, which is attached to the complaint. *Id.*; ECF No. 1-1.

On January 30, 2023, Plaintiff filed his first amended complaint, substituting Horizon Management, L.L.C. for Midwest Health, Inc. as the only Defendant in this case. ECF No. 9. The docket reflects that Midwest Health, Inc. was terminated on January 31, 2023. On February 13, 2023, Defendant timely filed a motion to dismiss and memorandum in support arguing, among

2

other things, that Plaintiff's complaint failed to comply with Rule 8(a)(1) because it did not include a short and plain statement of the grounds for the Court's jurisdiction. ECF Nos. 11-12.[1] The Court agreed with this argument and granted the motion and dismissed Plaintiff's first amended complaint without prejudice. *See* ECF No. 16. Given the nature of the deficiencies, however, the Court granted Plaintiff leave to file a second amended complaint by April 25, 2023, to address the deficiencies as noted in the Court's memorandum and order. *Id.* at 7.

On April 23, 2023, Plaintiff timely filed his second amended complaint, again naming only Horizon Management, L.L.C. as the sole Defendant. ECF No. 17. On May 5, 2023, Defendant filed its answer. ECF No. 18.

On May 8, 2023, the Court entered an initial order setting a scheduling conference. ECF No. 19. The parties were ordered to conduct their Rule 26(f) conference by May 30, 2023, and to serve their Rule 26(a)(1) initial disclosures and submit a proposed scheduling order to the Court by June 9, 2023. *Id.* On June 28, 2023, the Court held a scheduling conference and entered the scheduling order, which adopted nearly all of the dates the parties proposed for discovery, including a July 21, 2023 deadline to exchange copies of the documents described in the parties' Rule 26 disclosures and an August 9, 2023 deadline for any motion to amend. *See* ECF Nos. 24-26.

According to the docket, Defendant Horizon Management, L.L.C. served its Rule 26 initial disclosures on June 9, 2023. ECF No. 21. On July 21, 2023, Defendant filed a certificate of servicing confirming that on July 21, 2023, Defendant produced to Plaintiff the documents

---

[1] Before Defendant filed its motion to dismiss, Plaintiff filed a motion for default judgment. ECF No. 10. The District Judge denied the motion because although Plaintiff's original answer deadline was February 3, 2023, Plaintiff's new answer deadline based on Plaintiff's first amended complaint was February 13, 2023. ECF No. 13.

described in its Rule 26(a)(1) disclosures. ECF No. 27. On August 22, 2023, the parties unsuccessfully mediated this case. ECF No. 36.

On September 6, 2023, approximately a month after the August 9, 2023 deadline for filing a motion to amend the pleadings, Plaintiff filed his original motion for leave to file a third amended complaint. ECF No. 33. On September 7, 2023, the Court denied this motion without prejudice for failure to comply with D. Kan. Rule 15.1(a)(3). ECF No. 34.

That same day, Plaintiff filed this Motion. ECF No. 35. Plaintiff seeks to re-add Midwest Health, Inc. as a defendant in this case because after he received Defendant's Rule 26 initial disclosures and participated in mediation, he ascertained that Defendant and Midwest Health, Inc. were joint employers of Plaintiff and therefore both should be named as defendants. *Id.* at 1. Plaintiff argues that this amendment will not prejudice Defendant because both entities are aware of this lawsuit and have been participating in this litigation. *Id.* at 2. Plaintiff also states that the amendment is necessary to "accord Plaintiff an opportunity to seek relief from both of his employers." *Id.*

Defendant opposes the Motion, arguing that Plaintiff has not shown good cause to amend the scheduling order, nor excusable neglect for failing to amend his complaint before the scheduling order deadline. ECF No. 38. Defendant argues that Plaintiff had Defendant's Rule 26 initial disclosures before the motion to amend deadline, and "[m]ediation cannot justify a finding of excusable neglect." *Id.* at 2. Plaintiff did not file a reply.

This Motion is now before the Court.

## II.    LEGAL STANDARD

When a party moves to amend the pleadings after the deadline set in the scheduling order, as is the case here, the moving party must demonstrate "(1) good cause for seeking modification

4

under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).[2] "Rule 16(b)(4) is arguably more stringent than Rule 15, permitting scheduling order amendments 'only for good cause and with the judge's consent.'" *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019-20 (10th Cir. 2018) (quoting *Zisumbo v. Ogden Reg'l Med. Ctr.*, 801 F.3d 1185, 1195 (10th Cir. 2015)).

The Tenth Circuit has described Rule 16(b)(4)'s good-cause standard as requiring the movant to show that existing scheduling order deadlines "cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019); *see also* Fed. R. Civ. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The good-cause standard requires the moving party to provide an adequate explanation for the delay. *Id.* at 988.

Good cause may be shown "if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch*, 771 F.3d at 1240. "If the plaintiff knew of the

---

[2] Both parties mention excusable neglect in their briefing. Rule 6(b)(1) states that when an act must be done within a specified time, "the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." But authority from the Tenth Circuit is clear that the standard to amend the pleadings after the deadline in the scheduling order has passed is a two-step analysis under Rules 16(b)(4) and 15(a). *See Gonzalez de Gomez v. Adams Cnty.*, No. 22-1199, 2023 WL 5163988, at *3 (10th Cir. Aug. 11, 2023) (citing *Gorsuch* and explaining the Rule 16(b)(4) and 15(a) analysis; *Vazirabadi v. Denver Pub. Sch.*, 820 F. App'x 805, 809 (10th Cir. 2020) (same). Some courts look at excusable neglect as part of the Rule 15(a) analysis to determine whether there was undue delay. *See Dorris v. It's Greek to Me, Inc.*, No. 19-2445-DDC-ADM, 2020 WL 4347048, at *3 (D. Kan. July 29, 2020) (citing authority from the Tenth Circuit that noted courts have denied leave to amend when the moving party cannot demonstrate excusable neglect). Regardless, the Tenth Circuit has recognized that although good cause and excusable neglect are related, "'good cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Cox v. Sandia Corp.*, 941 F.2d 1124, 1125 (10th Cir. 1991)). As discussed below, Plaintiff has not met Rule 16(b)(4)'s good cause standard. Because of this, the Court does not address the excusable neglect standard.

5

underlying conduct but simply failed to raise [the] claims, however, the claims are barred." *Id.*; *see Renne v. Soldier Creek Wind LLC*, No. 21-4032-HLT-ADM, 2022 WL 16551343, at *4 (D. Kan. Oct. 31, 2022) ("If the movant knew for some time about the facts on which he bases the amendment, the court may deny his request to amend." (citing *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987))). "A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion." *Singer v. Lagas*, No. 21-CV-2111-JWB-TJJ, 2022 WL 990747, at *2 (D. Kan. Apr. 1, 2022).

If the movant does not establish good cause under Rule 16(b)(4), "there is no need for the Court to move on to the second step of the analysis"—whether to permit the amendment under Rule 15. *Tesone*, 942 F.3d at 990; *see also Gorsuch*, 771 F.3d at 1241 (characterizing the showing of good cause as "the threshold inquiry to consider whether amendments should be allowed after a scheduling order deadline has passed").

### III.   DISCUSSION

#### A.   Plaintiff has not shown good cause under Rule 16(b).

Plaintiff has not made the good cause showing required by Rule 16(b)(4). To begin, Plaintiff's Motion does not reference or address the good-cause requirement to modify the scheduling order. *See generally* ECF No. 35. Plaintiff does not explain how despite his diligent efforts, he could not meet the motion to amend deadline. This alone is fatal to Plaintiff's Motion.

Plaintiff instead argues that "[u]pon receipt of the Defendant's Rule 26 disclosures and participation in early mediation in this case, Plaintiff ascertained that Midwest Health, Inc. and Horizon Management, L.L.C. were the joint employers of the Plaintiff . . . ." *Id.* at 1. Plaintiff states his failure to timely move to amend his complaint was the result of "excusable neglect" in

that he attended early mediation in this case with the intent of resolving the matter. *Id.* at 2. This explanation fails to demonstrate good cause for three reasons.

*First,* Plaintiff's original complaint alleged Plaintiff was employed by Midwest Health, Inc. ECF No. 1. Plaintiff presumably was in a good position to know who his employer was. Plaintiff alleged that he instituted an EEOC action against Midwest Health, Inc. and then received a right to sue letter against Midwest Health, Inc. *Id.* at 2. Plaintiff states that he filed his first amended complaint substituting Horizon Management, L.L.C. as Defendant based "[u]pon the representations of the Defendant [Midwest Health, Inc.] that Horizon Management, L.L.C. was the proper Defendant . . . ." ECF No. 35 at 1. The Court is without any details regarding the nature of that representation or why Plaintiff believed it was appropriate at that time to wholly drop Midwest Health, Inc. from this litigation. But at a minimum, based upon his own knowledge, the original complaint and the EEOC action, Plaintiff was on notice that Midwest Health, Inc. should or could be a defendant in this litigation.

*Second*, Defendant Horizon Management, L.L.C. served its Rule 26 initial disclosures on June 9, 2023, ECF No. 21, meaning that Plaintiff was in receipt of these disclosures for approximately two months before the motion to amend deadline. In Defendant's initial disclosures, it states that Ms. Broxterman, Ms. Erpelding-Froelich and Mr. Klausman were all employees of Midwest Health, Inc. As alleged in all of Plaintiff's complaints, Plaintiff's racial discrimination complaints were made to these individuals. Plaintiff also alleges that Ms. Broxterman was the individual who terminated his employment.

As Defendant convincingly argues, Plaintiff was aware no later than June 9, 2023, that Midwest Health, Inc. was a potential employer of Plaintiff. Judges in this District have held on numerous occasions that a plaintiff does not meet Rule 16(b)(4)'s good cause standard for an

untimely motion to amend if a plaintiff had "'evidence that should have led [the plaintiff] to the information that the proposed claim is based on.'" *See Hans v. Bd. of Cnty. Commissioners of Shawnee Cnty., Kansas*, No. 16-4117-DDC, 2017 WL 3781837, at *2 (D. Kan. Aug. 31, 2017) (quoting *Five Rivers Ranch Cattle Feeding LLC v. KLA Env't Servs., Inc.*, No. 08-2185-EFM, 2010 WL 2609426, at *2 (D. Kan. June 25, 2010)).

Even if Plaintiff means by "receipt of the Defendant's Rule 26 disclosures" the documents described in Defendant's Rule 26 initial disclosures, Plaintiff was in receipt of the documents identified in Defendant's Rule 26 initial disclosures by July 21, 2023, two and a half weeks before the motion to amend deadline. ECF No. 27. Yet, Plaintiff waited until September 7, 2023, to file the Motion. Plaintiff provides no explanation for this delay or why, despite his due diligence, he could not meet the August 9, 2023 motion to amend deadline. Plaintiff does not argue that he served other discovery that brought clarity on this issue and indeed the docket does not reflect that Plaintiff has served any discovery in this case.[3] Plaintiff's failure to timely review Defendant's Rule 26 initial disclosures and related documents does not establish the diligence necessary to amend the scheduling order to allow the filing of an untimely motion to amend.

*Third*, mediation alone is not good cause for failure to meet scheduling order deadlines. *See Wilson v. Wal-Mart Stores, Inc.*, No. 07-2263-JWL, 2008 WL 2622895, at *3 (D. Kan. June 30, 2008) ("mediation and settlement efforts are not good cause to violate the Scheduling Order.").

---

[3] *See, e.g.*, *Eppley v. SAFC Biosciences, Inc.*, No. 20-2053-TC-ADM, 2020 WL 7353865, at *4 (D. Kan. Dec. 15, 2020) (finding a lack of good cause to modify a scheduling order because a party had not acted diligently when it allowed more than two months to lapse before serving opening discovery requests and took no meaningful action to schedule certain later-requested depositions within the discovery period provided); *see also Dryden v. City of Hays, Kan.*, No. 11-1354-KGS, 2012 WL 2993914, at *2 (D. Kan. July 20, 2012) (spending time responding to a motion for summary judgment did not constitute good cause to amend the scheduling order when the plaintiff waited well over two months before propounding initial discovery requests).

Plaintiff, for example, does not argue that new, previously unknown information became available solely through medication. *See, e.g., Cohen-Esrey Real Est. Servs., Inc. v. Twin City Fire Ins. Co.*, No. CV 08-2527-KHV-DJW, 2009 WL 10687817, at *2 (D. Kan. Oct. 6, 2009) (finding good cause to amend out of time when the amended pleading was based "on an informed and deliberate decision made in light of information gained through the mediation," which occurred after the amendment deadline).

Plaintiff states that he attended the early mediation with the intention of resolving the matter, but that should be the case for any party in any case where the parties agree to mediate. Plaintiff could have and should have continued to litigate this case prior to mediation because there was no guarantee that the case would settle. Plaintiff received Defendant's Rule 26 initial disclosures well before the August 22, 2023 mediation. Plaintiff does not allege that he learned new information at the mediation that was contrary to the information he already had in his possession. Moreover, Plaintiff does not explain why he waited until September 7, 2023, over two weeks after the parties' mediation, to file the Motion. Regardless, Plaintiff provides no explanation for why mediation prevented him from meeting his motion to amend deadline, which does not support a finding of good cause under Rule 16(b)(4). *See Viper Nurburgring Rec., LLC v. Robbins Motor Co., LLC*, No. 18-4025-HLT-KGG, 2018 WL 6078032, at *3 (D. Kan. Nov. 21, 2018) ("If Plaintiff made the strategic choice to wait to move to amend until after the mediation . . . there is no explanation by Plaintiff as to why it could not have filed a timely motion to extend the deadline to move to amend.").

Plaintiff adds that the third amended complaint will not prejudice Defendant because it and Midwest Health, Inc. are both aware of this lawsuit and "have been participating in this litigation." ECF No. 35 at 2. But "[i]t is well settled that the lack of prejudice to the nonmovant does not show

9

'good cause' within the meaning of Rule 16(b)(4)." *Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 WL 1635894, at *5 (D. Kan. June 11, 2009); *see also Kansas Heart Hosp., LLC v. Smith*, No. 21-CV-1115-KHV-TJJ, 2022 WL 1471367, at *2 (D. Kan. May 10, 2022) ("The lack of prejudice to the nonmovant does not show good cause."); *Sturdivant v. Blue Valley Unified Sch. Dist., USD 229*, No. 18-CV-2661-JWL-TJJ, 2020 WL 1320727, at *2 (D. Kan. Mar. 20, 2020) ("To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted with due diligence, and a lack of prejudice to the opposing party does not show good cause." (internal quotations omitted)).

For these reasons, the Court finds that Plaintiff has failed to show good cause under Rule 16(b)(4) and Plaintiff's Motion is denied.[4]

---

[4] Neither party addresses Rule 15(a) and the Court need not address the standard given that Plaintiff has failed to show good cause under Rule 16(b)(4). *See Tesone*, 942 F.3d at 990 ("[I]f [the movant] fail[s] to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, i.e., whether [the movant] [has] satisfied the requirements of Rule 15(a)." (internal quotation marks and citations omitted). Even if the Court applied the Rule 15(a) analysis, the Tenth Circuit has held that "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (quoting *Frank v. U.S. West,* 3 F.3d 1357, 1365-66 (10th Cir.1993)). As the Court has previously explained, Plaintiff provides no explanation for his more than three-month delay in filing the Motion past the time Plaintiff received Defendant's Rule 26 initial disclosures. *See Sturdivant*, 2020 WL 1320727, at *3 (noting that even if the court applied the Rule 15(a) analysis, the plaintiff's motion to amend her complaint would be denied because of "Plaintiff's undue delay of more than three months past the time Plaintiff received the information necessary to amend her complaint, with no explanation provided for the delay."). Defendant states that the amendment would be futile, ECF No. 38 at 2, but does not explain how or why adding Midwest Health, Inc. could not withstand a motion to dismiss or fails to state a claim. Because the Court finds that Plaintiff has failed to establish good cause under Rule 16(b)(4), and in the absence of any specific argument on why the proposed amendment would be futile, the Court declines to address whether Plaintiff's proposed amendment is futile.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave to Filed Third Amended Complaint and Add Party Out of Time (ECF No. 35) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 25, 2023, at Topeka, Kansas.

/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge