## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| WILLIAM PADILLA, | |
| **Plaintiff,** | |
| v. | Case No. 2:22-CV-2430-JAR-RES |
| MIDWEST HEALTH, INC., and HORIZON MANAGEMENT, L.L.C, | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff William Padilla brings this action under Title VII[1] against Midwest Health, Inc. ("Midwest"), and Horizon Management, L.L.C ("Horizon"), for racial discrimination and retaliation in his employment.[2]  The matter currently before the Court is Plaintiff's Motion for Review of Magistrate Judge Schwartz's Order (Doc. 47) denying reconsideration of her denial of leave to amend out-of-time.  The motion is fully briefed and the Court is prepared to rule.  As described more fully below, the Court denies the motion for review.

## I.      Background

Plaintiff named Midwest as the defendant in his original Complaint, but Midwest informed him that Horizon was the proper defendant.  On January 30, 2023, Plaintiff amended his Complaint to substitute Horizon, a subsidiary of Midwest, as the sole defendant.  In lieu of an answer, Defendant filed a motion to dismiss on February 13, 2023, arguing that Plaintiff's Amended Complaint failed to comply with Fed. R. Civ. P. 8(a)(1).  Defendant also argued that it was not an "employer" under Title VII because, at all relevant times, it employed only three

---

[1] 42 U.S.C. §§ 2000e-2, 3.

[2] Midwest was terminated from this action on January 31, 2023.  *See* Doc. 9.

employees.[3]  This Court granted Defendant's motion with leave to amend, finding that Plaintiff failed to set forth a short and plain statement of the grounds for jurisdiction.[4]  On April 23, 2023, Plaintiff filed a Second Amended Complaint, correcting the statement of jurisdiction and again naming Horizon as the sole defendant.  In Defendant's answer, among other defenses, it maintained that it was not an "employer" under Title VII.[5]

Defendant served Plaintiff with its Fed. R. Civ. P. 26(a)(1) initial disclosures on June 9, 2023.  On June 28, 2023, Magistrate Judge Schwartz held a scheduling conference and entered the scheduling order, which identified August 9, 2023 as the deadline for any motions to amend.[6]  Defendant produced the documents identified in its initial disclosures on July 21, 2023.  On August 22, 2023, the parties conducted an unsuccessful mediation of this case.

Then, on September 6, 2023, Plaintiff filed a motion to file a third amended complaint one month after the deadline for such motions had passed.  Plaintiff sought to re-add Midwest as a defendant, under the theory that Midwest and Horizon were joint employers of Plaintiff.  Judge Schwartz denied the motion without prejudice because Plaintiff did not comply with the requirements of D. Kan. Rule 15.1(a)(3).[7]  Plaintiff then re-filed the motion for leave to file a third amended complaint on September 7, 2023.  Judge Schwartz denied the motion in her September 25, 2023 Order ("September 25 Order"), because Plaintiff had not demonstrated good cause for his failure to file within the deadline set out in the pretrial order.[8]

---

[3] Doc. 11 at 5; 42 U.S.C. § 2000e(b) (defining an employer under Title VII, in part, as "a person engaged in an industry affecting commerce who has fifteen or more employees.").

[4] *See* Doc. 16 at 3–4.

[5] Doc. 18 at 5.

[6] Doc. 25-1 at 2.

[7] Doc. 34.

[8] Doc. 39.

On October 2, 2023, Plaintiff filed a second motion for leave to file a third amended complaint.  Judge Schwartz denied the motion for seeking the same relief as his prior motion to amend and for failing to comply with D. Kan. Rule 7.3, which governs the process by which a party may seek reconsideration of a court order.[9]  On October 3, 2023, Plaintiff filed a motion for reconsideration of Judge Schwartz's denial of his motion for leave to file a third amended complaint.[10]  Judge Schwartz denied Plaintiff's motion in her October 25, 2023 Order ("October 25 Order"), for failure to demonstrate manifest injustice.  Plaintiff now asks this Court to review Judge Schwartz's October 25 Order denying reconsideration.[11]

## II.    Discussion

As an initial matter, though Plaintiff nominally moves for review of Judge Schwartz's October 25 Order denying reconsideration, Plaintiff focuses his argument on Judge Schwartz's September 25 Order denying leave to amend out-of-time.[12]  Therefore, out of an abundance of caution, the Court construes Plaintiff's motion as seeking review of both orders.[13]

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order or recommendation.  In reviewing objections to a magistrate judge's recommendation on dispositive motions, the district judge applies a de novo standard of

---

[9] Doc. 41.

[10] Plaintiff attached to the motion to reconsider two documents supporting his joint employer theory: (1) Plaintiff's employment agreement from 2019, signed by a Vice President of Midwest, Angela Broxterman; and (2) emails between Plaintiff and Angela Broxterman regarding work.  Docs. 42-1, 42-2.  Plaintiff attaches the same documents to the instant motion.

[11] Plaintiff also attached to the motion for review a copy of the email from Midwest asserting that Horizon was the proper defendant.  Doc. 47-1.  The Court declines to consider documents not presented to Judge Schwartz.  However, the Court notes that it is not a new argument, because Plaintiff alleged that he relied on representations from Midwest in his motion for leave to amend and his motion for reconsideration before Judge Schwartz.  Docs. 35 at 1; 42 at 1.

[12] Doc. 47 at 1–3.

[13] Docs. 39, 46.

review.[14]  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."[15]

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[16]  "The clearly erroneous standard 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[17]  "A magistrate judge's order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"[18]

Generally, motions for leave to file an amended complaint[19] and motions for reconsideration[20] are non-dispositive matters which are reviewed under this deferential standard. But even if a de novo review applied, the Court would deny Plaintiff's motion for review.

## A.    Leave to Amend

Judge Schwartz denied Plaintiff's motion for leave to file a third amended complaint out of time because she found that Plaintiff had not satisfied the good-cause standard under Fed. R.

---

[14] Fed. R. Civ. P. 72(b)(3).

[15] *Id.*

[16] 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

[17] *U.S. Fire Ins. Co. v. Bunge N.A.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[18] *Farr v. Davis*, No. 16-2180, 2017 WL 11504211, at *2 (D. Kan. Aug. 31, 2017) (quoting *Walker v. Bd. of Cnty. Comm'rs*, No. 09-1316, 2011 WL 2790203, at *2 (D. Kan. July 13, 2011)).

[19] *Phalp v. City of Overland Park*, No. 00-2354-JAR, 2002 WL 1067460, at *1 (D. Kan. May 1, 2002); *First Savings Bank v. U.S. Bancorp*, 184 F.R.D. 363, 366 (D. Kan. 1998).  *But see Pedro v. Armour Swift–Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (applying de novo standard of review to denial of motion to amend on ground of futility).

[20] *Fish v. Kobach*, 267 F. Supp. 3d 1297, 1303 (D. Kan. 2017) (applying the clearly erroneous standard to a motion seeking review of a magistrate's order denying reconsideration).

Civ. P. 16(b)(4).[21]  When a party seeks to amend the pleadings after the deadline set in the scheduling order, the party must demonstrate (1) good cause under Fed. R. Civ. P. 16(b)(4); and (2) satisfaction of the Fed. R. Civ. P. 15(a)(2) standard.[22]  Failing to satisfy either standard is grounds to deny a party's leave to amend out-of-time.[23]  "The good cause 'standard requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts.'"[24]

Even though Plaintiff failed to mention good cause in his motion,[25] Judge Schwartz engaged in an extensive analysis that found good cause lacking for three reasons: (1) Plaintiff was on notice, from the inception of this action, that Midwest should or could be a defendant in this litigation; (2) Plaintiff was again made aware that Midwest was a possible employer of Plaintiff upon receipt of the Rule 26 documents, two and a half weeks before the amendment deadline; and (3) pursuing mediation is not good cause for failing to meet scheduling order deadlines.[26]

In his motion for review, Plaintiff does not challenge any of these findings, but instead argues that it would be unjust to prevent him from filing a third amended complaint to re-add Midwest as a defendant.[27]  Plaintiff alleges that he learned information at mediation that justified the untimely amendment—namely, that (1) Defendant intended to argue that federal employment

---

[21] Doc. 39 at 6.

[22] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see Gonzalez de Gomez v. Adams County*, No. 22-1199, 2023 WL 5163988, at *3 (10th Cir. Aug. 11, 2023).

[23] *Gorsuch*, 771 F.3d at 1241.

[24] *Gonzalez de Gomez*, 2023 WL 5163988, at *3 (quoting *Gorsuch*, 771 F.3d at 1240).

[25] Doc. 35.

[26] Because Judge Schwartz found that there was no good cause under Fed. R. Civ. P. 16(b)(4), she declined to consider Fed. R. Civ. P. 15(a)(2).  Doc. 39 at 5.  Since the Court agrees with Judge Schwartz's analysis of good cause, the Court need not consider the Fed. R. Civ. P. 15(a)(2) standard.

[27] Plaintiff also reiterates his argument that neither Midwest nor Horizon will be prejudiced from the amendment, but as Judge Schwartz noted, this is not a proper basis to demonstrate good cause under Fed. R. Civ. P. 16(b)(4).  *See* Doc. 39 at 9–10 (listing authorities).

laws do not apply to it because it has an insufficient number of employees; and (2) that Defendant planned to advance this argument in a motion for summary judgment.  Plaintiff claims that this information was a "turn of events" which "revealed the necessity of re-joining Midwest Health to the suit."[28]

The Court has carefully analyzed Judge Schwartz's September 25 Order and finds no error, let alone clear error, to justify overturning her denial of leave to amend out-of-time. Plaintiff made no attempt to satisfy the good-cause standard of Fed. R. Civ. P. 16(b)(4) by demonstrating diligence, and this alone provided sufficient grounds to deny his motion.[29] Nonetheless, Judge Schwartz addressed Plaintiff's argument about "new" information and determined that he knew, or was on notice of, the relevant information well in advance of the amendment deadline.[30]  The Court agrees.

Plaintiff was on notice of Defendant's affirmative defense since at least February 13, 2023, when Defendant filed its motion to dismiss.  Plaintiff was in possession of his employment agreement with Angela Broxterman since 2019, when he signed it.  And Defendant produced the emails between Plaintiff and Broxterman two and a half weeks before the amendment deadline. Plaintiff's only explanation for his failure to amend before the deadline is that he had hoped to resolve the suit in mediation.  While Plaintiff may regret his decision to focus on mediation,

---

[28] Doc. 47 at 2.

[29] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see Gonzalez de Gomez v. Adams County*, No. 22-1199, 2023 WL 5163988, at *3 (10th Cir. Aug. 11, 2023).

[30] *See e.g., Cohen-Esrey Real Est. Servs. v. Twin City Fire Ins. Co.*, No. 08-2527, 2009 WL 10687817, at *2 (D. Kan. Oct. 6, 2009) (finding good cause to amend out of time when the amendment was based "on an informed and deliberate decision made in light of information gained through the mediation," which occurred after the amendment deadline).

rather than pursuing the joint employer theory, it is not the role of the Court to correct strategic choices.[31]

Plaintiff did not attempt to demonstrate diligence, as required by the good cause standard, nor does the evidence support an inference of diligence.  There is no basis to overturn Judge Schwartz's September 25 Order denying leave to file a third amended complaint out of time.

### B.    Reconsideration

Turning to Judge Schwartz's denial of Plaintiff's motion for reconsideration, the Court again finds no error.  Under D. Kan. Rule 7.3, a motion to reconsider must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  Judge Schwartz correctly noted that Plaintiff's motion for reconsideration was "nearly identical" to his previous motions for leave to file a third amended complaint.[32]  Nonetheless, Judge Schwartz engaged in a thorough analysis of Plaintiff's basis for seeking reconsideration—manifest injustice.   Manifest injustice "is commonly defined as '[a] direct, obvious, and observable error in a trial court.'"[33]  "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being indisputable.'"[34]

Judge Schwartz concluded that Plaintiff failed to establish manifest injustice for four reasons: (1) Plaintiff failed to identify any legal or factual error in the order denying leave to

---

[31] *See Viper Nurburgring Rec., L.L.C v. Robbins Motor Co.*, No. 18-4025, 2018 WL 6078032, at *3 (D. Kan. Nov. 21, 2018) ("If Plaintiff made the strategic choice to wait to move to amend until after the mediation . . . there is no explanation by Plaintiff as to why it could not have filed a timely motion to extend the deadline to move to amend.").

[32] Doc. 46 at 5 (comparing Doc. 42 with Docs. 35 and 40).

[33] *Tri-State Truck Ins. v. First Nat'l Bank of Wamego*, No. 09-4158, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting Black's Law Dictionary 1048 (9th ed. 2009)).

[34] *Id.* (quoting *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007)).

amend; (2) Plaintiff's motion confirmed that Plaintiff was on notice of the need to amend long

before the deadline; (3) Plaintiff failed to explain why it would be "just" to allow an out-of-time

amendment based on information a party had access to well in advance of the deadline; and (4)

lack of prejudice to one party is not a basis for reconsideration.

In his motion for review, Plaintiff does not identify any particular error in Judge

Schwartz's denial of reconsideration, but instead reiterates his argument that the denial of leave

to amend would be unjust.[35]  Plaintiff asserts that denial of leave to amend would "enable the

Defendant to prevail on a technicality and deprive the Plaintiff of his day in court."[36]  However,

Plaintiff does not contradict Judge Schwartz's finding that he was on notice of Defendant's plans

well in advance of the amendment deadline.  Rather, it appears that Plaintiff made tactical

choices which he now regrets—namely, to drop Midwest from the suit, and then to delay filing

an amendment to re-add Midwest.  Plaintiff could have course-corrected in advance of the

amendment deadline, but he chose not to do so.  The Court finds no error or misapplication of

law in Judge Schwartz's holding that Plaintiff did not satisfy the standard for reconsideration.

Finally, Plaintiff accuses Judge Schwartz of acting as "co-counsel for the Defense."[37]

Plaintiff also disparages the federal courts, writ large, of unjustly terminating employment claims

through summary judgment.[38]  The Court strongly disagrees.  Judge Schwartz's orders are

comprehensive and impartial.  In Plaintiff's motion for leave to file a third amended complaint,

---

[35] Plaintiff also reiterates the lack of prejudice argument, which the Court declines to consider because lack of prejudice to one party is not a basis for reconsideration.  D. Kan. R. 7.3.

[36] Doc. 47 at 3.

[37] *Id.*

[38] *Id.* (asserting that Judge Schwartz followed the "time-honored practice in federal employment cases of teeing those cases up for Summary Judgment, regardless of the facts and in derogation of the rights of workers who have suffered discrimination and nearly always encounter Federal Judges who use summary judgment to throw their cases out of court and render Federal Employment Laws and Protections unenforceable." (capitalization in original)).

Plaintiff moved for relief under the wrong standard,[39] and without legal support,[40] yet Judge Schwartz considered his motion on the merits.  In Plaintiff's motion for reconsideration, Plaintiff filed a nearly identical motion to his motion for leave to amend.  Though Judge Schwartz could have denied reconsideration on this basis alone,[41] she engaged in a full analysis of manifest injustice before concluding that Plaintiff did not satisfy the standard.  This treatment demonstrates caution and care, not bias.

After a careful review of Judge Schwartz's September 25 and October 25 Orders, the Court has found no clear error nor misapplication of law.  Even under a de novo standard of review, there is no error.  Therefore, the Court denies Plaintiff's motion for review.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for review (Doc. 47) is **denied**.

**IT IS SO ORDERED.**

Dated: February 1, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[39] Plaintiff moved for relief under the "excusable neglect" standard of Fed. R. Civ. P. 6(b)(1)(B), but the appropriate standard was "good cause" under Fed. R. Civ. P. 16(b)(4), and satisfying Fed. R. Civ. P. 15(a)(2).  Doc. 35 at 1.

[40] Plaintiff did not cite a single case in his motion for leave to file a third amended complaint out of time. *See* Doc. 35.

[41] A motion to reconsider "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).